Toan B. Chung, SBN 276505
**ROQUEMORE, PRINGLE & MOORE, INC.**
6055 E. Washington Blvd., Suite 500
Los Angeles, CA 90040-2466
Tel No. (323) 724-3117
Fax No. (323) 724-5410
tbchung@rpmlaw.com

Attorney for Creditor, the Kingdom of Sweden,
A foreign sovereign

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

In re

KERSTIN URSULA HULTQVIST,

Debtor.

Case No. 5:16-bk-53367-MEH

Chapter 13

**OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS IN SUPPORT THEREOF**

<u>11 U.S.C. § 341(a) Meeting of Creditors</u>
Date:    January 13, 2017
Time:    10:30 a.m.
Place:    U.S. Federal Building
          280 S. 1st Street # 130
          San Jose, CA 95113

<u>Confirmation Hearing</u>
Date:    January 27, 2017
Time:    9:55 a.m.
Place:    U.S. Courthouse
          280 S. 1st Street
          Courtroom 3020, 3rd Floor
          San Jose, CA 95113

TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, AND ALL INTERESTED PARTIES:

Creditor, the Kingdom of Sweden, a foreign sovereign recognized as a sovereign state by the United States Government, on behalf of the Swedish Board for Study Support, (hereinafter, the "Kingdom" or "CSN"), hereby submits its Objection (the "Objection") to the confirmation of the Debtor's Chapter 13 Plan (the "Plan"). The basis of the Objection is that confirmation of the Plan should be denied upon three (3) specific, independent legal grounds.

First, confirmation of the Plan violates the "good faith" requirements set forth in 11 U.S.C. § 1325(a)(7) and 11 U.S.C. § 1325(a)(3). The Plan is proposed in bad faith for the sole purchase of frustrating the Kingdom's student loan collection effort. On November 4, 2016, the Kingdom filed a lawsuit against the Debtor to collect student loan entitled <u>Kingdom of Sweden v. Kerstin Hultqvist</u>, Case No. 16CV302323 before the Superior Court of California, County of Santa Clara. On November 29, 2016, the Debtor filed the instant Chapter 13 Bankruptcy Petition. Per her own Schedule E/F, the Debtor listed a total unsecured debt of $136,387.53 of which $122,613.00 (approximately 90% of the total unsecured debt) is owing to the Kingdom.

Second, the Debtor misclassified the debt owed to the Kingdom. Per her Schedule E/F, the Debtor classified the debt owed to the Kingdom as a general unsecured debt when it should have been classified as a student loan.

Lastly, it is unclear if the Debtor is seeking a discharge of her student loan owed to the Kingdom. One may reasonably conclude that, by labeling the student loan as a general unsecured debt, the Debtor is seeking a discharge of same. The Plan proposed a zero percent (0%) distribution to all unsecured creditors, including the Kingdom whose claim amounts to approximately 90% of the total unsecured debt. In the event that the Debtor is seeking a discharge of her student loan, confirmation of the Plan should be denied because there is no

I:\WP\BG\CSN-HULTQVIST-9374-BG\Objection to Chapter 13 Plan.v3.doc

2

finding of an "undue hardship" set forth in 11 U.S.C. § 1328(a)(2) and 11 U.S.C. § 523(a)(8). The Objection is made pursuant to all authorities cited herein.

Respectfully submitted,

DATED: January 10, 2017

**ROQUEMORE, PRINGLE & MOORE, INC.**

By: /s/ Toan B. Chung
Toan B. Chung, Esq.
Attorney for Creditor, the Kingdom of Sweden,
A foreign sovereign

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

1. Creditor, the Kingdom of Sweden, on behalf of the Swedish Board for Study Support, (hereinafter, the "Kingdom" or "CSN"), is a foreign sovereign recognized as a sovereign state by the United States Government.

2. Beginning in August 1993, and for several years thereafter, the Debtor submitted written Applications For Study Aid to CSN. A true and correct copy of the August 2000 Application For Study Aid submitted by the Debtor to CSN (accompanied by a certified English translation), substantially similar with previous as well as subsequent Applications For Study Aid submitted by the Debtor to CSN, is attached hereto and incorporated herein as **Exhibit "1"**.

3. In connection with her Applications For Study Aid, the Debtor submitted documents to CSN entitled "Debt Obligation/Affirmation" (hereinafter, the "Obligations"), in which she promised to repay all student loans which she received according to current repayment rules promulgated by CSN. A true and correct copy of the 1993 Repayment Regulations for Student Loans (hereinafter, "Repayment Regulations") (accompanied by a certified English translation), substantially similar with subsequent Repayment Regulations promulgated by CSN, is attached hereto and incorporated herein as **Exhibit "2"**. A true and correct copy of the September 2000 Obligation submitted by the Debtor to CSN (accompanied by a certified English translation), substantially similar with previous as well as subsequent Obligations submitted by the Debtor to CSN, is attached hereto and incorporated herein as **Exhibit "3"**.

4. Pursuant to the terms of the Applications For Study Aid, the Repayment Regulations, and the Obligations, CSN and the Debtor agreed that CSN would make certain student loans to the Debtor, and a contractual relationship was thereby formed and existed between CSN and the Debtor (hereinafter, the "Contract"). As part of her obligations under the

Contract, the Debtor agreed to commence repayment of her student loans to CSN not later than one year after she no longer received student aid from CSN.

5. Thereafter, and pursuant to the terms of the Contract, CSN made several student loans to the Debtor in the aggregate amount of 776,860 Swedish Crowns. CSN has also performed all other conditions, covenants, and promises required to be performed on its part under the Contract.

6. As of October 1, 2016, the Debtor owed CSN the sum of 980,905 Swedish Crowns, comprised of unpaid principal, unpaid interest, and administrative charges (the approximate current equivalent in U.S. dollars of $122,613.00).

7. As a result of the foregoing, CSN has sustained damages through October 1, 2016, in the amount of 980,905 Swedish Crowns, on which interest fees continue to accrue.

8. On November 4, 2016, CSN filed a lawsuit against the Debtor entitled <u>Kingdom of Sweden v. Kerstin Hultqvist</u>, Case No. 16CV302323 (the "State Court Action") before the Superior Court of California, County of Santa Clara. The causes of action include (1) Breach of Contract; (2) Common Count for Money Lent; and (3) Common Count for Money Had and Received. A true and correct copy of the State Court Complaint reflecting same is attached hereto and incorporated herein as **Exhibit "4"**.

9. Apparently in response to the State Court Action, the Debtor filed the instant Chapter 13 Bankruptcy Petition shortly thereafter on November 29, 2016. Per her own Schedule E/F, the Debtor listed a total unsecured debt of $136,387.53 of which $122,613.00 (approximately 90% of the total unsecured debt) is owing to CSN. A true and correct copy of the Debtor's Schedule E/F reflecting same is attached hereto and incorporated herein as **Exhibit "5"**.

10. Further, the Debtor classified the debt owed to CSN as a general unsecured debt and not as a student loan. <u>See</u> Exhibit "4", Schedule E/F, item 4.20.

11. The Debtor's Chapter 13 Plan proposed a zero percent (0%) distribution to all unsecured creditors, including CSN whose claim amounts to approximately 90% of the total unsecured debt. A true and correct copy of the Debtor's Chapter 13 Plan reflecting same is attached hereto and incorporated herein as **Exhibit "6"**.

## II. DISCUSSION

### A. CONFIRMATION OF THE PLAN SHOULD BE DENIED BECAUSE IT VIOLATES THE "GOOD FAITH" REQUIREMENTS SET FORTH IN 11 U.S.C. § 1325(a)(7) and 11 U.S.C. § 1325(a)(3)

11 U.S.C. § 1325(a)(7) requires that "the action of the debtor in filing the petition was in good faith." Similarly, 11 U.S.C. § 1325(a)(3) requires that the Chapter 13 plan be proposed in "good faith." While "good faith" is not defined by the Bankruptcy Code, the Ninth Circuit has adopted a totality of the circumstances surrounding the filing of the petition and the plan in determining "good faith", taking into account whether the debtor intended only to defeat litigation in proposing the plan. See In re Welsh, 711 F3d 1120, 1132 (9th Cir. 2013); See also In re Leavitt, 171 F3d 1219, 1224 (9th Cir. 1999).

Here, after considering the totality of the circumstances surrounding the filing of the petition, the Court should deny confirmation of the Plan because the Bankruptcy Case was filed solely to stop CSN's collection effort. The Debtor filed the instant Chapter 13 Bankruptcy Petition on November 29, 2016, shortly after CSN had commenced the State Court Action against her. Per her own Schedule E/F, the Debtor listed a total unsecured debt of $136,387.53 of which $122,613.00 (approximately 90% of the total unsecured debt) is owing to the Kingdom. See Exhibit "4", Schedule E/F. Based on the foregoing facts, confirmation of the Plan should be denied.

///

///

**B. CONFIRMATION OF THE PLAN SHOULD BE DENIED BECAUSE THE DEBTOR MISCLASSIFIED THE DEBT OWED TO CSN**

The Debtor classified the debt owed to CSN as a general unsecured debt and not as a student loan. See Exhibit "4", Schedule E/F, item 4.20. The Debtor herein misclassified the debt owed to CSN and the Plan, in its current form, should be denied for this reason as well.

**C. IN THE EVENT THE DEBTOR IS SEEKING A DISCHARGE OF HER STUDENT LOAN, CONFIRMATION OF THE PLAN SHOULD BE DENIED BECAUSE THERE IS NO FINDING OF AN "UNDUE HARDSHIP" SET FORTH IN 11 U.S.C. § 1328(a)(2) AND 11 U.S.C. § 523(a)(8)**

A proposed plan in Chapter 13, once confirmed, will result in a discharge of the debt listed if the debtor completes the payment the plan required. See 11 U.S.C. § 1328(a). A debtor may obtain a discharge of student loan debts, including a foreign government sponsored student loan plan, only if failure to discharge that debt would impose an "undue hardship" on the debtor and his dependents. See 11 U.S.C. §§ 523(a)(8) & 1328.

Here, it is unclear if the Debtor is seeking a discharge of her student loan owed to CSN. One may reasonably conclude that, by labeling the student loan as a general unsecured debt, the Debtor is seeking a discharge of same. The Plan proposed a zero percent (0%) distribution to all unsecured creditors, including CSN whose claim amounts to approximately 90% of the total unsecured debt. In the event that the Debtor is seeking a discharge of her student loan, confirmation of the Plan should be denied because there is no finding of an "undue hardship" set forth in 11 U.S.C. § 1328(a)(2) and 11 U.S.C. § 523(a)(8). CSN is compelled to object to the confirmation of the Plan as the failure to do so in a timely manner may have the consequence of discharging the remaining student loan under United Student Aid Funds Inc. v. Espinosa, 130 S. Ct. 1367 (2010).

///

///

## III. CONCLUSION

**WHEREFORE**, CSN prays for orders, as follows:

1. That the Objection is sustained;

2. That confirmation of the Chapter 13 Plan is denied; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: January 10, 2017

**ROQUEMORE, PRINGLE & MOORE, INC.**

By: /s/ Toan B. Chung
Toan B. Chung, Esq.
Attorney for Creditor, the Kingdom of Sweden,
A foreign sovereign

I:\WP\BG\CSN-HULTQVIST-9374-BG\Objection to Chapter 13 Plan.v3.doc

8

# DECLARATION OF MIKAEL KOLTAI

I, Mikael Koltai, declare and state as follows:

1. I am an attorney duly admitted to practice before all Courts in the State of California. I am counsel to the Kingdom of Sweden, a foreign sovereign recognized as a sovereign state by the United States Government, on behalf of the Swedish Board for Study Support, (hereinafter, the "Kingdom" or "CSN"). I am an individual above the age of 18 years and I have personal knowledge of all the facts set forth in this Declaration and I could and would competently testify thereto if so called as a witness, except where matters are stated on information and belief, in which case I am informed and believe that the facts so stated are true and correct.

2. I am informed and believe that beginning in August 1993, and for several years thereafter, Kerstin Ursula Hultqvist (the "Debtor") submitted written Applications For Study Aid to CSN. A true and correct copy of the August 2000 Application For Study Aid submitted by the Debtor to CSN (accompanied by a certified English translation), substantially similar with previous as well as subsequent Applications For Study Aid submitted by the Debtor to CSN, is attached hereto and incorporated herein as **Exhibit "1"**.

3. I am informed and believe that in connection with her Applications For Study Aid, the Debtor submitted documents to CSN entitled "Debt Obligation/Affirmation" (hereinafter, the "Obligations"), in which she promised to repay all student loans which she received according to current repayment rules promulgated by CSN. A true and correct copy of the 1993 Repayment Regulations for Student Loans (hereinafter, "Repayment Regulations") (accompanied by a certified English translation), substantially similar with subsequent Repayment Regulations promulgated by CSN, is attached hereto and incorporated herein as **Exhibit "2"**. A true and correct copy of the September 2000 Obligation submitted by the Debtor to CSN (accompanied by

a certified English translation), substantially similar with previous as well as subsequent Obligations submitted by the Debtor to CSN, is attached hereto and incorporated herein as **Exhibit "3"**.

4. Pursuant to the terms of the Applications For Study Aid, the Repayment Regulations, and the Obligations, CSN and the Debtor agreed that CSN would make certain student loans to the Debtor, and a contractual relationship was thereby formed and existed between CSN and the Debtor (hereinafter, the "Contract"). As part of her obligations under the Contract, the Debtor agreed to commence repayment of her student loans to CSN not later than one year after she no longer received student aid from CSN.

5. Thereafter, and pursuant to the terms of the Contract, CSN made several student loans to the Debtor in the aggregate amount of 776,860 Swedish Crowns. CSN has also performed all other conditions, covenants, and promises required to be performed on its part under the Contract.

6. I am informed and believe that, as of October 1, 2016, the Debtor owed CSN the sum of 980,905 Swedish Crowns, comprised of unpaid principal, unpaid interest, and administrative charges (the approximate current equivalent in U.S. dollars of $122,613.00).

7. I am informed and believe that CSN has sustained damages through October 1, 2016, in the amount of 980,905 Swedish Crowns, on which interest fees continue to accrue.

8. On November 4, 2016, I filed a lawsuit on behalf of CSN against the Debtor entitled <u>Kingdom of Sweden v. Kerstin Hultqvist</u>, Case No. 16CV302323 (the "State Court Action") before the Superior Court of California, County of Santa Clara. The causes of action include (1) Breach of Contract; (2) Common Count for Money Lent; and (3) Common Count for Money Had and Received. A true and correct copy of the State Court Complaint reflecting same is attached hereto and incorporated herein as **Exhibit "4"**.

I declare under penalty of perjury that the foregoing is true and correct on this 10TH day of January, 2017 at Newport Beach, California.

_____
Mikael Koltai, Esq.
Declarant

I:\WP\BG\CSN-HULTQVIST-9374-BG\Objection to Chapter 13 Plan.v3.doc

11

# DECLARATION OF TOAN B. CHUNG

I, Toan B. Chung, declare and state as follows:

1. I am an attorney duly admitted to practice before all Courts in the State of California and before this Court. I am counsel to the Kingdom of Sweden, a foreign sovereign recognized as a sovereign state by the United States Government, on behalf of the Swedish Board for Study Support, (hereinafter, the "Kingdom" or "CSN"). I am an individual above the age of 18 years and I have personal knowledge of all the facts set forth in this Declaration and I could and would competently testify thereto if so called as a witness, except where matters are stated on information and belief, in which case I am informed and believe that the facts so stated are true and correct.

2. Kerstin Ursula Hultqvist (the "Debtor") filed the instant Chapter 13 Bankruptcy Petition on November 29, 2016. Per her own Schedule E/F, the Debtor listed a total unsecured debt of $136,387.53 of which $122,613.00 (approximately 90% of the total unsecured debt) is owing to CSN. A true and correct copy of the Debtor's Schedule E/F reflecting same is attached hereto and incorporated herein as **Exhibit "5"**.

3. The Debtor classified the debt owed to CSN as a general unsecured debt and not as a student loan. See Exhibit "5", Schedule E/F, item 4.20.

4. The Debtor's Chapter 13 Plan proposed a zero percent (0%) distribution to all unsecured creditors, including CSN whose claim amounts to approximately 90% of the total unsecured debt. A true and correct copy of the Debtor's Chapter 13 Plan reflecting same is attached hereto and incorporated herein as **Exhibit "6"**.

I declare under penalty of perjury that the foregoing is true and correct on this 10th day of January, 2017 at Los Angeles, California.

Toan B. Chung, Esq.
Declarant